# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEREK SLAUGHTER, GABRIEL CAMPANA, and CITY OF WILLIAMSPORT, | : <br> : Civil Action No. 4:21-cv-1284-MWB <br> : |
| Plaintiffs, | : |
| v. | : |
| THE CHARTER OAK FIRE INSURANCE COMPANY, STATE NATIONAL INSURANCE COMPANY, INC., and STEVEN HELM, | : |
| Defendants. | |

## DEFENDANT THE CHARTER OAK FIRE INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant The Charter Oak Fire Insurance Company (hereinafter "Travelers"), by and through the undersigned counsel, Houston Harbaugh, P.C., files this Response in Opposition to Plaintiffs' Motion for Judgment on the Pleadings.

1.  Admitted with the qualification that the referenced complaint is a document which speaks for itself and is the best evidence of its terms, and any allegations inconsistent therewith are denied.

1

2. The allegations contained in Paragraph 2 purport to quote from or paraphrase a document which speaks for itself and is the best evidence of its terms, and any allegations inconsistent therewith are denied. By way of further response, the Helm complaint alleges failures to promote and retaliation for filing two prior lawsuits.

3. Admitted in part and denied in part. It is admitted only that Steven Helm ("Helm") filed previous complaints on April 13, 2017 and November 2018, and that said complaints were dismissed as part of a settlement agreement on June 14, 2019. The remaining allegations of Paragraph 3 purport to paraphrase the allegations in those suits, which are documents that speak for themselves and are the best evidence of their terms, and any allegations inconsistent therewith are denied.

4. Admitted with qualification that the Helm complaint contains other allegations not referenced in this paragraph.

5. It is admitted that the City submitted the Underlying Complaint to Charter Oak on or about April 20, 2021. Charter Oak is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 5.

6. Admitted with the qualification that Charter Oak's letter cited additional policy provisions that could preclude coverage for the Helm complaint

that are not referenced in this paragraph, including the exclusion for Criminal, Dishonest, Fraudulent, or Malicious Wrongful Employment Practice Offenses or Knowing Violations of Rights or Laws and Known Wrongful Employment Practice Offenses, among others.

7. Upon information and belief, it is admitted that State National Insurance Company, Inc. ("State National") issued a letter to the City disclaiming coverage for the Underlying Complaint on or about May 12, 2021. The remaining allegations of Paragraph 7 purport to quote from or paraphrase a document, which speaks for itself and is the best evidence of its terms, and any allegations inconsistent therewith are denied.

8. It is admitted that Plaintiffs filed the instant action in the Court of Common Pleas of Lycoming County on June 22, 2021, not June 21, 2021. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding the timing between Plaintiffs' receipt of the denial and the filing of this action.

9. Admitted.

10. Admitted.

11. Admitted.

12. The allegations contained in Paragraph 12 contain an incomplete paraphrasing of Rule 12(c).

13. The allegations contained in Paragraph 13 constitute legal conclusions to which a response is not required.

14. The allegations contained in Paragraph 14 constitute legal conclusions to which a response is not required.

15. The allegations contained in Paragraph 15 constitute legal conclusions to which a response is not required.

16. The allegations contained in Paragraph 16 constitute legal conclusions to which a response is not required. To the extent a response is deemed required, it is admitted that Plaintiffs attached to their Complaint relevant portions of the insurance policy issued by Charter Oak with a policy period of January 1, 2021 to January 1, 2022.

17. The allegations contained in Paragraph 17 constitute legal conclusions to which a response is not required. By way of further response, paragraph 17 does not identify which "public records" it references and whether the assertion is limited to filings in each of the two prior lawsuits filed by Mr. Helm.

18. The allegations contained in Paragraph 18 purport to quote from or paraphrase a document, which speaks for itself and is the best evidence of its terms, and any allegations inconsistent therewith are denied.

19. The allegations contained in Paragraph 19 constitute legal conclusions to which a response is not required.

20. The allegations contained in Paragraph 20 purport to quote from or paraphrase a document, which speaks for itself and is the best evidence of its terms, and any allegations inconsistent therewith are denied.

21. The allegations contained in Paragraph 21 purport to quote from or paraphrase a document, which speaks for itself and is the best evidence of its terms, and any allegations inconsistent therewith are denied.

22. The allegations contained in Paragraph 22 purport to quote from or paraphrase a document, which speaks for itself and is the best evidence of its terms, and any allegations inconsistent therewith are denied.

23. The allegations contained in Paragraph 23 constitute legal conclusions to which a response is not required. By way of further response, the claims in Helm's Complaint constitute "related wrongful employment practices offenses" which are deemed to have been first made when Helm's first suit was brought against the City in 2017.

24. The allegations contained in Paragraph 24 purport to paraphrase or characterize Helm's Complaint, a document which speaks for itself and is the best evidence of its terms, and any allegations inconsistent therewith are denied. By way of further response, it is denied that allegations in the Helm Complaint of facts occurring after the settlement of the two prior suits filed by Helm precludes those allegations from being considered "related wrongful employment practice

offenses" under the Charter Oak Policy that were first brought against any insured in 2017.

25. The allegations contained in Paragraph 25 constitute legal conclusions to which a response is not required.

26. The allegations contained in Paragraph 26 constitute legal conclusions to which a response is not required.

27. The allegations contained in Paragraph 27 constitute legal conclusions and a paraphrasing of the relief sought by plaintiffs in this action, allegations to which a response is not required.

28. The allegations contained in Paragraph 28 purport to quote from or paraphrase a document, which speaks for itself and is the best evidence of its terms, and any allegations inconsistent therewith are denied. By way of further response, the Charter Oak Policy states that it will provide coverage to the named insured City of Williamsport subject to all of the terms and conditions of the Policy. The Policy does provide that lawfully elected or appointed officials are also insureds where the named insured is designated in the Common Policy Declarations as a public entity, which is the case here.

29. The allegations contained in Paragraph 29 are directed at defendant State National no response is required from this Defendant. By way of further

response, the allegations contained in Paragraph 29 constitute legal conclusions to which a response is not required.

30. The allegations contained in Paragraph 30 purport to quote from or paraphrase a document, which speaks for itself and is the best evidence of its terms, and any allegations inconsistent therewith are denied. By way of further response, the Charter Oak Policy includes coverage for those sums that the insured becomes legally obligated to pay as damages because of "employment loss" to which this insurance applies. The insurance applies to "employment loss" only if the "employment loss" is caused by a "wrongful employment practice offense" and the "suit" by a person or organization that seeks damages because of the "employment loss" is first made or brought against any insured during the policy period.

31. Admitted with the qualification that the phrase "wrongful employment practice offense" is defined in the Charter Oak Policy.

32. Admitted with the qualification that the claim or "suit" is first made or brought against any insured during the policy period.

33. The allegations contained in Paragraph 33 purport to quote from or paraphrase the Charter Oak Policy, a document which speaks for itself and is the best evidence of its terms, and any allegations inconsistent therewith are denied.

34. The allegations contained in Paragraph 34 purport to quote from or paraphrase defined terms contained in the Charter Oak Policy, a document which speaks for itself and is the best evidence of its terms, and any allegations inconsistent therewith are denied.

35. The allegations contained in Paragraph 35 purport to quote from or paraphrase Helm's Complaint, a document which speaks for itself and is the best evidence of its terms, and any allegations inconsistent therewith are denied. It is admitted only that the alleged "wrongful employment practice offenses" alleged in the Helm Complaint are alleged to have occurred between the retroactive date in the Charter Oak Policy and the present.

36. Denied. Helm's Complaint is related to, arises from, and is a consequence of the previous litigation.

37. The allegations contained in Paragraph 37 constitute legal conclusions to which a response is not required. By way of further answer, denied; Helm's Complaint alleges "wrongful employment practice offenses" that were the subject of two prior lawsuits and thereafter that have a common connection, tie or link facts, circumstances, causes or series of related facts, circumstances, situations, events, transactions or causes.

38. Charter Oak is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38. Plaintiffs' first knowledge

of Helm's new claims need to be the subject of discovery. By way of further response, the opportunity event for coverage under the Charter Oak policy is when the claim or suit was made or brought against any insured.

39. The allegations contained in Paragraph 39 constitute legal conclusions to which a response is not required. By way of further response, it is denied that Charter Oak has a duty to defend or that this Court should determine that Charter Oak has a duty to defend Plaintiffs against Helm's complaint because the allegations in that complaint do not potentially fall within the coverage of the Charter Oak Policy.

40. It is admitted that the Policy is a document which speaks for itself and is the best evidence of its terms. It is also admitted that Charter Oak denied coverage for the Helm Complaint in its answer and defenses. All remaining allegations contained in Paragraph 40 are denied.

41. The allegations contained in Paragraph 41 constitute legal conclusions to which a response is not required. To the extent a response is deemed required, it is denied that the Court should determine that Charter Oak owes a duty to defend or indemnify Plaintiffs against Helm's complaint because Charter Oak does not owe that duty.

42. The allegations contained in Paragraph 42 constitute legal conclusions to which a response is not required.

WHEREFORE, defendant Charter Oak respectfully requests that this Honorable Court deny Plaintiffs' Motion for Judgment on the Pleadings.

Dated: November 8, 2021

Respectfully submitted,

HOUSTON HARBAUGH, P.C.

By: /s/ *Alan S. Miller*
   Alan S. Miller
   PA I.D. No. 36757
   Jake Oresick, Esquire
   PA I.D. No. 314852
   Three Gateway Center, 22nd Floor
   401 Liberty Avenue
   Pittsburgh, PA 15222
   Telephone: 412-281-5060
   Fax: 412-281-4499
   milleras@hh-law.com
   *(Counsel for Defendant The Charter Oak Fire Insurance Company)*

# CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the within **DEFENDANT THE CHARTER OAK FIRE INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS** was electronically filed and is available for viewing and downloading from the ECF system and was sent to all counsel of record this 8th day of November 2021, via electronic service through the ECF system as follows:

| | |
|---|---|
| Jill E. Nagy, Esquire<br>Summers Nagy Law Offices<br>200 Spring Ridge Drive, Suite 202<br>Wyomissing, PA 19610<br>*(Counsel for Plaintiffs)*<br><br>Nancy E. Zangrilli, Esquire<br>Stewart Smith<br>300 Four Falls Corporate Center<br>Suite 670<br>300 Conshohocken State Road<br>West Conshohocken, PA 19428<br>*(Counsel for Defendant State National Insurance Company, Inc.)* | Michael J. Zicolello, Esquire<br>Schemery Zicolello<br>333 Market Street<br>Williamsport, PA 17701<br>*(Counsel for Defendant Steven Helm)* |

            HOUSTON HARBAUGH, P.C.

            By: /s/ *Alan S. Miller*
               Alan S. Miller, Esquire
               PA I.D. No. 36757
               Jake Oresick, Esquire
               PA I.D. No. 314852
               Three Gateway Center, 22nd Floor
               401 Liberty Avenue
               Pittsburgh, PA 15222
               Telephone: 412-281-5060
               Fax: 412-281-4499
               milleras@hh-law.com
               *(Counsel for Defendant The Charter Oak Fire Insurance Company)*